COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| PATRICK DELACRUZ MORENO, | § | No. 08-12-00028-CR |
| Appellant, | § | Appeal from the |
| v. | § | 112th Judicial District Court |
| THE STATE OF TEXAS, | § | of Pecos County, Texas |
| Appellee. | § | (TC# 3156) |
| | § | |

## MEMORANDUM OPINION

Patrick Delacruz Moreno appeals his conviction of manslaughter. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

Moreno was indicted for murder and entered a plea of not guilty before a jury. The indictment was enhanced with a prior conviction for burglary of habitation. The jury found Moreno guilty of manslaughter, a lesser included offense of murder. The jury found the enhancement paragraph of the indictment true, which raised the punishment from a second degree to a first degree felony. TEX.PENAL CODE ANN. § 12.42(b)(West Supp. 2013). The jury assessed Moreno's punishment to imprisonment for a term of ninety-nine years.

*ANDERS* **BRIEF**

Moreno's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied,* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [panel op.] 1978)(adopting the *Anders* procedure); *see also Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex.Crim.App. 1991). In *Anders*, the United States Supreme Court recognized that counsel, though appointed to represent the appellant in an appeal from a criminal conviction, had no duty to pursue a frivolous matter on appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. Counsel was thus permitted to withdraw after informing the court of his conclusion and the effort made in arriving at that conclusion. *Id*.

In this case, Moreno's appellate counsel has concluded that after a thorough review of the record, Moreno's appeal is without merit. Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400.

In accordance with *Anders*'s requirements, Moreno's counsel has moved to withdraw. Counsel states in his motion that he delivered copies of the motion and *Anders* brief to Moreno and advised Moreno of his right to examine the appellate record and file a *pro se* brief. Moreno has filed a *pro se* brief, amended brief, and a reply brief.

Moreno's *pro se* briefs assert three issues for our review: (1) his Due Process rights under the Fifth and Fourteenth Amendments were violated; (2) Due Process violation by the use of perjured or false testimony; and (3) the State's investigation was impermissibly suggestive creating false testimony and suppressed exculpatory evidence. Woven throughout his arguments

2

is the allegation of ineffective assistance of counsel which was not presented as a separate issue.

## INDEPENDENT REVIEW

After counsel files a proper *Anders* brief, the court of appeals must conduct its own review of the record to ascertain if there are any arguable grounds for the appeal. *Stafford*, 813 S.W.2d at 511. If a later *pro se* brief is filed after an *Anders* brief has been submitted on behalf of the Appellant, the Court of Criminal Appeals has in *Bledsoe* stated an appellate court has two choices. *Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex.Crim.App. 2005). We may determine the appeal is wholly frivolous and issue an opinion after reviewing the record and finding no reversible error. *Id.* at 826-827. Alternatively, if we determine that arguable grounds for appeal exist, we must remand for the appointment of new counsel to brief those issues. *Id.* at 827.

We have thoroughly reviewed the record, counsel's brief, and Moreno's briefs in this case, as well as correspondence related to the *pro se* brief and agree with counsel's professional assessment that the appeal is frivolous and without merit. Further, we find nothing in the record that might arguably support the appeal. A discussion of the arguments propounded in the *pro se* briefs would add nothing to the jurisprudence of the State.

## CONCLUSION

We affirm the trial court's judgment.


March 28, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

3